IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RALPH RODGERSON #1612194** | § | |
| | § | |
| **V.** | § | **A-13-CA-928-SS** |
| | § | |
| **BOARD OF PARDONS AND PAROLES** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Michael Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains the Texas Board of Pardons and Paroles has shown a total disregard to his institutional adjustments and achievements and denied him parole on three occasions. He sues the Board of Pardons and Paroles and requests the Court to order the Board to grant him a special review. He also asks the Court to look into why he does not have a "short way mandatory supervision date."

DISCUSSION AND ANALYSIS

    A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Eleventh Amendment Immunity

The Board of Pardons and Paroles is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). Accordingly, Plaintiff's complaint should be dismissed for lack of jurisdiction.

    C.    Parole

Allowing Plaintiff to amend his complaint to name a proper defendant would be futile. Plaintiff has also failed to state a claim upon which relief can be granted.

The United States Constitution does not create a liberty interest in parole. <u>Greenholtz v. Inmates of Nebraska Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. <u>Orellana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995); <u>see</u> also <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. <u>Id.</u> at 308) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. <u>See</u> <u>Greenholtz</u>, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. <u>See</u> 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with <u>complete discretion</u> to grant, or to deny parole release. . . .") (emphasis added); <u>Allison v. Kyle</u>, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no

liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions.  Orellana, 65 F.3d at 31.

    D.    Mandatory Supervision

Plaintiff does not contend he is eligible for mandatory supervision.  Instead, he simply requests the Court to look into why he does not have a "short way mandatory supervision date." Plaintiff is ineligible for mandatory supervision because he previously was convicted of robbery. Inmates are not eligible for mandatory supervision if they were previously convicted of robbery, a second degree felony under Section 29.02 of the Penal Code.  See TEX. GOV'T CODE § 508.149(a)(11).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE